COMMONWEALTH INVESTMENT COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. GUARANTEE TRUST COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.

Argued May 10, 1935—Decided August 30, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the rule, *Irving I. Jacobs.*

*Contra, Cole & Cole.*

PER CURIAM.

Plaintiff sued on a certificate of deposit issued to plaintiff by the defendant bank. The defendant answered and the plaintiff moved to strike out the answer as "disclosing no

cause of defense." The Circuit Court judge, sitting as a Supreme Court commissioner, before whom the motion was made, concluded to deny the motion to strike the answer and so announced.

A few days later the attorney for the plaintiff drew and presented a rule which "ordered that the application of the plaintiff for an order to strike out the answer of the defendant for the causes as aforesaid be and the same is hereby denied; and it is further ordered that on the whole record the complaint be and the same is hereby struck out for disclosing no cause of action, without cost to either party." That rule was signed.

The plaintiff then caused judgment to be entered in favor of the defendant and against the plaintiff, and thereafter the plaintiff took an appeal to the Court of Errors and Appeals. That appeal was dismissed, the court saying: "We know of no way in which we can in order to review court action, reinstate a stricken complaint and enter judgment on the entire pleadings. This the trial court should have done if it was so intended."

Thereafter the plaintiff, alleging that the rule on the motion to strike, filed by the Supreme Court commissioner, was made by inadvertence, obtained from a justice of this court a rule to show cause why the judgment in this court should not be opened, vacated and for nothing holden, in which rule it was ordered that the Supreme Court commissioner certify to this court "whether it was his intention to enter a judgment on the entire pleadings and not to strike the complaint." In response to such order the Supreme Court commissioner certified to this court as follows: "(1) That I denied the motion for a rule striking out the answer filed in behalf of the defendant in the above entitled action. (2) That my conclusion was announced orally. (3) That subsequently on September 14th, 1934, the attorney of the plaintiff presented to me a rule bearing that date. Upon reading the rule so presented I made express and particular inquiry of the attorney for the plaintiff to ascertain if the rule was, in form and in substance, as he desired it to be entered. He replied that he had prepared the rule as he desired it to be made

and entered, and I thereupon signed the rule. (4) In signing the rule, it was my intention to effectuate the terms and provisions thereof pursuant to the application of the attorney of the plaintiff."

Now it will be observed that the attorney of the plaintiff drew the rule in question. But that is not all. He was expressly and particularly questioned by the judge as to its provisions and upon the insistence of the attorney for the plaintiff that the rule was what he desired (and was entitled to take if he chose) the order was signed. It was therefore the order which the attorney of the plaintiff insisted upon and which the judge, sitting as a Supreme Court commissioner, intended to make and did make.

Accordingly, the rule to show cause is discharged, without costs to either party.